**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| DANIEL S. BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01666-TWP-DKL |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Allstate Insurance Company's ("Allstate"), Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained in this Entry, Allstate's Motion to Dismiss (Dkt. 7) is **GRANTED**.

## I. BACKGROUND

On December 1, 2011, Daniel S. Ballard ("Mr. Ballard") and Allstate entered into an Allstate R3001S Exclusive Agency Agreement ("the Agreement") which would allow Mr. Ballard to become an insurance agent for Allstate. As part of the inducement to get Mr. Ballard to enter into the Agreement, Allstate "made repeated promises of training and support from [Allstate's] staff" and claimed that if Mr. Ballard "worked to 'Tier 1,' he would get the largest bonuses and would be financially successful making in excess of $100,000 per year in net profits." Dkt. 1-1 at 7-8, ¶ 4. Mr. Ballard was not notified about "any risk of failure or any specific pitfalls related to Agreement with Allstate." Dkt. 1-1 at 8, ¶ 6. Nor was he informed that in reality, the second and/or third agents of an area tend to be the more successful agents. Additionally, the Agreement had an integration clause that stated, "The Agreement is the sole and entire agency agreement between the Company and you, and it supersedes and replaces any

prior employment, agency, or other agreement between the Company and you." Dkt. 1-1 at 14. The Agreement also states that it "supersedes any prior oral statements and representations" as well as "any prior written statements and representations" by Allstate to Mr. Ballard.

Allstate insisted that Mr. Ballard "have a 'store front' or first floor office[,]" so Mr. Ballard entered into a long term lease at an increased rental rate. Dkt. 1-1 at 9, ¶ 8. Mr. Ballard did not make as much money as Allstate promised him, however Allstate obtained "benefits in the form of commissions on the policies" that Mr. Ballard sold. Dkt. 1-1 at 11, ¶ 24. Unfortunately, Mr. Ballard's insurance business was not successful; the office visit promised did not occur, the support from Allstate corporate was nonexistent and he did not generate the amounts of commissions he needed for his business to survive. Mr. Ballard claims to have incurred expenses and suffered losses in excess of $75,000.00.

On October 11, 2012, Mr. Ballard filed a Complaint for Damages against Allstate in the Hamilton Superior Court alleging two claims: fraudulent inducement and quasi-contract. On November 13, 2012, this case was removed to the United States District Court for the Southern District of Indiana. On December 7, 2012, Allstate filed a Motion to Dismiss on the basis the Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.   LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III.   DISCUSSION

#### A.   Fraudulent Inducement

"Fraudulent inducement occurs when a party is induced through fraudulent misrepresentations to enter into a contract." *Brumley v. Commonwealth Bus. Coll. Educ. Corp.*, 945 N.E.2d 770, 776 (Ind. Ct. App. 2011).  The elements of fraud are "(1) a material representation of past or existing facts which (2) was false, (3) was made with knowledge or reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) proximately caused injury to the complaining party." *Tru-Cal, Inc. v. Conrad Kacsik Instrument Sys., Inc.*, 905 N.E.2d 40, 44-45 (Ind. Ct. App. 2009) (quotation omitted).

To sustain his claim of fraud, Mr. Ballard must first show there was a material representation of past or existing facts.  The alleged misrepresentation must be about past or existing facts and not "representations of future conduct," including promises to do something in the future. *Volvo Trucks N. Am. v. Andy Mohr Truck Ctr.*, No. 1:12-CV-448-WTL-DKL, 2012 WL 4794934, at *2 (S.D. Ind. Oct. 9, 2012) (citing *Siegel v. Williams*, 818 N.E.2d 510, 515 (Ind. Ct. App. 2004)).  In *Wallem v. CLS Industries, Inc.*, 725 N.E.2d 880, 889 (Ind. Ct. App. 2000), plaintiff claimed fraudulent representation based on several representations about the bonus to which he was entitled.  The court found that plaintiff's claims did not support an allegation of

3

fraud because the statements made were found to be "statements or representations . . . regarding future intentions." *Id.*  In *Volvo Trucks*, defendant made several promises including that plaintiff would be led "to a dominant market share position in Central Indiana," that defendant would "create a strong dealer image and brand," and would "deliver further growth through more new and used truck deliveries and continued aggressive marketing and sales." 2012 WL 4794934, at *2 (internal quotations omitted).  The court found that the promises were "all promises of future conduct and cannot form the basis of [plaintiff's] fraudulent inducement claim." *Id.*

Similarly, in this case, Allstate made the following promises:  (1) that Mr. Ballard would receive training and support, assistance, and frequent visits; (2) that if Mr. Ballard worked to make "Tier 1," he would get the largest bonuses and would be financially successful making in excess of $100,000.00 per year in net profits; and (3) that Jeff Riley, the Marketing Distribution leader, would work closely with Mr. Ballard to ensure a quick start and near term success as an Allstate agent. *See* Dkt. 1-1 at 7-8.  Like in *Wallem* and *Volvo Trucks*, these statements are promises to do something in the future and are not past or existing facts.

Mr. Ballard admits that his Complaint makes allegations relating to some "future promises", but asserts that the Complaint expressly identifies fraudulent statements made by Allstate to induce him to enter into the "unilaterally beneficial (to Defendant)" Agreement.  Dkt. 11 at 6.  However, In order to recover under a theory of fraud, Mr. Ballard would have to show that the allegations of fraud were more than mere speculation as to what Mr. Ballard believed Allstate would do for him in the future.  It is well-settled that a promise to do a thing in the future, although there may be no intention of fulfilling the promise, cannot form the basis of a fraudulent inducement claim.  *Klinker v. First Merchants Bank*, *N.A.*, 964 N.E.2d 190, 193 (Ind. 2012) (reaffirming the rule *in dicta*); *Vaughn v. General Foods Corp.*, 797 F.2d 1403, 1412-13

4

(7th Cir. 1986). Therefore, the Court finds no material representation of past or existing facts. Because the Complaint does not satisfy the required elements, the Court finds that there is no fraudulent inducement.

**B.      Illusory Contract**

Under Indiana law, a contract must have mutuality of obligation; if the promisor does not have any obligation or a performance is optional, then there is an illusory contract. *Penn v. Ryan's Family Steak Houses, Inc.*, 269 F.3d 753, 759 (7th Cir. 2001). Mr. Ballard claims that Allstate was not obligated to make any performance under the Agreement. However, the Agreement states that Allstate was required to pay Mr. Ballard commissions, provide advertising and promotional materials, and accept "certain indemnification obligations." Dkt. 8 at 8. Although Mr. Ballard asserts that Allstate received commissions on the policies he signed, he does not dispute that he earned commissions for his sales as per the Agreement, both while the Agreement was in effect and after termination. Since Allstate was obligated to perform, and did in fact perform, there was not an illusory contract.

**C.      Quasi-Contract**

A quasi-contract is established when there is unjust enrichment due to another party's detriment, and there is a violation of "the fundamental principles of justice, equity, and good conscience." *Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.2d 732, 737 (7th Cir. 1990) (citations omitted). Unjust enrichment is a valid claim when no governing contract exists between the parties. *DiMizio v. Romo*, 756 N.E.2d 1018, 1025 (Ind. Ct. App. 2001). The Court has found that the Agreement is not illusory, and a governing contract exists between the parties. Therefore, there can be no action for quasi-contract. *See id.* (holding that when an enforceable contract exists, trial court improperly invoked the equitable theory of unjust enrichment).

## IV.    CONCLUSION

Accordingly, Allstate's Motion to Dismiss (Dkt. 7) is **GRANTED.**  The claim for fraudulent inducement is **dismissed without prejudice** and the claim for quasi contract is **dismissed with prejudice**.  If Mr. Ballard intends to replead, he is granted leave to do so within fourteen (14) days of the date of this Entry.

**SO ORDERED**.

Date: 06/24/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Thomas David Collignon
COLLIGNON & DIETRICK PC
tcollignon@cdattorneys.com

S. Andrew Burns
COX SARGEANT & BURNS PC
aburns@coxsargelaw.com