UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL S. BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01666-TWP-DKL |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTION TO DISMISS

For a second time, this matter is before the Court on a Motion to Dismiss filed on behalf of Defendant, Allstate Insurance Company ("Allstate"). The Court previously granted Allstate's Motion to Dismiss Plaintiff Daniel S. Ballard's ("Mr. Ballard") original Complaint (Dkt. 13); however, the dismissal was without prejudice. The Court allowed Mr. Ballard to amend his Complaint to cure deficiencies on his claim of fraudulent inducement. For the reasons set forth below, the Court finds Mr. Ballard has not sufficiently cured the deficiencies of his first Complaint. Therefore, Allstate's current motion is **GRANTED**.

## I. BACKGROUND

Mr. Ballard and Allstate entered into a contract, the Allstate R3001S Exclusive Agency Agreement ("the Agreement"), on December 1, 2011. Preceding the signing of the Agreement, Mr. Ballard met and had discussions with representatives of Allstate regarding training Mr. Ballard would receive, office location, expected profits and expenditures, and Allstate agent success rates. Relying on the representations made by Allstate, Mr. Ballard entered into a long-term office lease and became an Allstate agent. Mr. Ballard alleges that as a result of relying on

fraudulent representations, he has suffered monetary loss and is due damages. Additional facts will be supplied below.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III. DISCUSSION

Mr. Ballard's claim is one of fraudulent inducement. In Indiana, the elements of actual fraud and fraudulent inducement are the same: (1) a material misrepresentation of past or existing facts; (2) made with knowledge or reckless ignorance of falsity; and (3) which caused the plaintiff to rely upon the misrepresentation to the plaintiff's detriment. *Siegel v. Williams*, 818 N.E.2d 510, 515 (Ind. Ct. App. 2004); *Reginald Martin Agency, Inc. v. Conseco Med. Ins. Co.*, 478 F. Supp. 2d 1076, 1089 (S.D. Ind. 2007).

Mr. Ballard alleges that Allstate made several material misrepresentations that induced him to sign the Agreement. These include: repeated promises of training and support,

2

specifically that Mr. Ballard would work closely with Market Distribution Leader Jeff Riley ("Mr. Riley") to ensure a quick start and success; that Mr. Ballard was required to have a store front or first floor office space when one was not required by the Agreement; and that monthly advertising costs would be around $4,000.00 per month when in reality it was closer to $16,000.00 per month. Mr. Ballard also complains that Allstate did not inform him of the risks or pitfalls of being a new agent, or that it was frequently the second or third agent in a given location that succeeded, not the first agent. Allstate contends that Mr. Ballard's claim fails under the first prong of fraudulent inducement and because the Agreement contains an integration clause.

**A.     Past or Existing Facts**

Under the first prong of fraudulent inducement, "[a]ctual fraud may not be based on representations of future conduct, on broken promises, or on representations of existing intent that are not executed." *Wallem v. CLS Indus., Inc.*, 725 N.E.2d 880, 889 (Ind. Ct. App. 2000). Allstate argues that the alleged representations regarding training, support, future costs, and expected profits were promises or statements of future conduct, and are therefore not actionable. Mr. Ballard responds that the "promises" made to him by Allstate were false at the time they were made.

Indiana courts have, when appropriate, found that statements concerning actions to be taken in the future can form the basis of fraud when facts exist to make the statement actually false. For example, in *Reginald Martin Agency*, the court allowed a fraud claim to proceed where the defendant falsely represented that it was being sold as a way of managing the company toward continuing profitability when, in reality, it was hemorrhaging millions of dollars and was being disposed of as part of an overall debt reduction plan. 478 F. Supp. 2d at 1090. Further, in

*Scott v. Bodor*, 571 N.E.2d 313, 321 (Ind. Ct. App. 1991), the court found that defendants' misrepresentations about future conduct were misstatements concerning the plan already in place. In *Scott*, the court relied on two earlier cases, explaining:

> In *Whiteco Properties, Inc. v. Theilbar* (1984), Ind.App., 467 N.E.2d 433, the court of appeals held statements concerning the location of a building which was to be built in the future to be actionable misrepresentations of past or existing fact where plans to build the building already existed and the party who made the statements knew them to be false. This court reached a similar result in *Captain & Company v. Stenberg* (1987), Ind.App., 505 N.E.2d 88, where the fourth district held certain statements concerning the economic feasibility of rebuilding a fire damaged house to be statements of past or existing fact sufficient to support a recovery for fraud.

*Id.* The common thread in *Reginald Martin Agency*, *Scott*, *Whiteco Properties, Inc.*, and *Captain & Company* is that the alleged fraudulent statements were susceptible to "exact knowledge," that is, the falsity could be known when the statement was made. *Reginald Martin Agency*, 478 F. Supp. 2d at 1089.

Here, the statements made to Mr. Ballard, as presented in the Amended Complaint, were not based on "exact knowledge," but were promises or statements of future conduct. Specifically, Mr. Ballard was told on September 24, 2011, that he would receive direct training from Mr. Riley. Mr. Ballard opened his office on December 1, 2011, and on January 1, 2012, Mr. Riley was transferred after having assisted Mr. Ballard on just one occasion. There is no allegation that at the time the promise was made, Mr. Riley knew he would be transferred and unavailable to train and work closely with Mr. Ballard. The statement was not a misrepresentation of existing fact. Additionally, Mr. Ballard was promised a high salary and net profits. The falsity of this statement could not be determined at the time it was made, as Mr. Ballard had not yet endeavored to sell Allstate insurance. The statement was capable of being both true and false, depending on Mr. Ballard's performance as an insurance agent. Likewise,

the risks of becoming an agent and whether it was the first, second, or third agent that survived in a region were not based on "exact knowledge" that forms the basis of fraudulent inducement. Mr. Ballard's argument in this regard is akin to a lack of informed consent, but he entered into an agency agreement in which there were inherent risks. Any business venture has both the risk of success or failure. Finally, the fact that Allstate would not approve any location other than a first floor store front is not a material misrepresentation. The Agreement provided that Allstate must approve an agent's office location and Mr. Ballard has not pleaded facts that demonstrate any false or misleading statements regarding this requirement.

The allegation that Mr. Ballard was told that advertising costs would be $4,000.00 per month when "Allstate knew that the financial figures provided to Mr. Ballard were artificially low and that actual, necessary advertising spend[ing] was closer to $16,000.00 [per] month," Dkt. 14 at 4, comes closer to the mark. However, Mr. Ballard fails to satisfy the particularized pleading standard in fraud cases with this allegation. Specifically, Federal Rule of Civil Procedure 9(b) requires claimants to "state with particularity the circumstances constituting the fraud or mistake" and the Seventh Circuit has described this requirement as needing "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (quotation omitted). Mr. Ballard merely alleges that, "Allstate representatives repeatedly stated," but does not provide the specifics required by *Windy City* and Rule 9(b). The claim based on this allegation has not been pleaded with the requisite specificity and on this basis and those discussed above, Allstate's Motion is **GRANTED**.

### B.       Effect of Integration Clause

Alternatively, Allstate argues that the Agreement's integration clause bars Mr. Ballard's claim, because he could not justifiably rely upon the alleged misrepresentations.  The integration clause stated that:

> This Agreement is the sole and entire agency agreement between the Company and you . . . . This Agreement also supersedes any <u>prior</u> oral statements and representations by the Company to you and any <u>prior</u> written statements and representations by the Company to you in letters, manuals, booklets, memoranda, or any other format.

Dkt. 14-1 at 1, § I ¶ B (emphasis in original).

Generally in Indiana,

> where the parties to an agreement have reduced the agreement to a written document and have included an integration clause that the written document embodies the complete agreement between the parties . . . the parol evidence rule prohibits courts from considering parol or extrinsic evidence for the purpose of varying or adding to the terms of the written contract.

*Krieg v. Hieber*, 802 N.E.2d 938, 943 (Ind. Ct. App. 2004).  There is, however, a long-established exception to this rule "in the case of fraud in the inducement, where a party was 'induced' through fraudulent representations to enter a contract."  *Circle Centre. Dev. Co. v. YIG Ind., L.P.*, 762 N.E.2d 176, 179 (Ind. Ct. App. 2002).  A party can overcome the effect of an integration clause by showing "it had a right to rely on the alleged misrepresentations and did in fact rely on them in executing the release and/or integration clause."  *Tru-Cal, Inc. v. Conrad Kacsik Instrument Sys., Inc.*, 905 N.E.2d 40, 45 (Ind. Ct. App. 2009).  Thus, whether the parol evidence rule applies is decided on a case-by-case basis, and is applied broadly to agreements as a whole.  *See Franklin v. White*, 493 N.E.2d 161, 166 (Ind. 1986) ("[T]he weight to be accorded an integration clause will vary, depending on the facts and circumstances of each particular case.").  Factors to consider include the relative bargaining power of the parties and the existence

of a no-reliance or disclaimer language. *Judson Atkinson Candies, Inc. v. Kenray Assocs., Inc.*, 719 F.3d 635, 643 (7th Cir. 2013).

Mr. Ballard argues that Allstate had far superior knowledge, resources, and bargaining power when executing the Agreement. He also argues that he did not have the means to discover Allstate's fraud, nor did the Agreement state that he had independently investigated the validity of Allstate's promises. However, Mr. Ballard has not pleaded facts demonstrating that when Allstate made the representations it intended for him to rely upon them, despite the integration clause, thus he has not established a right to rely on the representations. Further, the integration clause is the second full paragraph of the Agreement, and while it may consist of boilerplate language, it was not buried nor couched in complicated terms. Thus, while Allstate had superior bargaining power as the drafter of the Agreement and as a major company, Mr. Ballard engaged in a months-long process with Allstate before signing the Agreement and the integration clause was clearly presented.

> We have here the case of 'a party with the capacity and opportunity to read a written contract, who ha[s] execute[d] it, not under any emergency, and whose signature was not obtained by trick or artifice;' such a party, if the parol evidence rule is to retain vitality, 'cannot later claim fraud in the inducement.

*Circle Ctr. Dev. Co.*, 762 N.E.2d at 180 (quoting *Urschel Farms, Inc. v. DeKalb Swine Breeders, Inc.*, 858 F. Supp. 831, 840)). Under the set of facts pleaded by Mr. Ballard in his Amended Complaint, he has not established a right to rely on the alleged misrepresentations. Therefore, the integration clause serves as an alternative basis for dismissal. Allstate's Motion is **GRANTED.**

## IV. CONCLUSION

Accordingly, Allstate's Motion to Dismiss (Dkt. 15) is **GRANTED**. Mr. Ballard's claim for fraudulent inducement is **DISMISSED with prejudice**.

**SO ORDERED.**

Date: 12/06/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Thomas David Collignon
COLLIGNON & DIETRICK PC
tcollignon@cdattorneys.com

S. Andrew Burns
COX SARGEANT & BURNS PC
aburns@coxsargelaw.com